SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE MANHATTAN WEST
NEW YORK, NY 10001
———
TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

DIRECT DIAL
212.735.2995
DIRECT FAX
917.777.2995
EMAIL ADDRESS
JOCELYN.STRAUBER@SKADDEN.COM

March 30, 2021

3/31/2021

**BY ECF**

The Honorable Judge Lehrburger
United States Magistrate Judge
U.S. District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Defendant has filed a letter requesting a modification of bail conditions. Any response by the Government shall be filed by Tuesday, April 6, 2021.

SO ORDERED:

_____
HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

RE: *United States v. Ortiz-Molina*, 21 Cr. 173 (LJL); 21 MJ 2260

Dear Judge Lehrburger:

      We write on behalf of our client, Jerremy Ortiz-Molina, to respectfully request that your Honor modify the conditions of his pre-trial release to allow him to have contact with his son, a co-defendant in the above-referenced matter, outside of the presence of counsel. We raised this issue at Mr. Ortiz-Molina's arraignment on March 26, 2021 and Judge Liman directed that we address this request to your Honor.

      On March 1, 2021, your Honor ordered Mr. Ortiz-Molina released subject to conditions including home detention with electronic monitoring at his home in Florida, a $150,000 personal recognizance bond co-signed by three financially responsible co-signers, that Mr. Ortiz-Molina have no contact with his co-defendants, including his son, Derek Ortiz Socias, outside of the presence of counsel, and other standard conditions of release. Dkt. No. 4. On March 2, 2021, the Government appealed this Court's release order; Judge Furman affirmed.

The Honorable Judge Lehrburger
March 30, 2021
Page 2

      Mr. Ortiz Socias has also been granted bail and is residing near his father in Florida. While the conditions of his release forbid contact with his other co-defendant, Pedro Carrasquillo, except in the presence of counsel, Judge Netburn declined to extend this condition to his father, with whom he is permitted to have contact. Dkt. No. 6.

      While initially we did not object to the imposition of the release condition forbidding any contact with his son, we have since learned that it presents a significant hardship for Mr. Ortiz-Molina.[1] Furthermore, we are unaware of any basis on which to conclude that such a restriction is needed to ensure Mr. Ortiz-Molina's appearance in court or the safety of any person in the community. Therefore we submit that the restriction is not consistent with the requirements of 18 U.S.C. § 3142(c)(1)(B) and we respectfully request that it be lifted. *See also United States v. Esposito*, 749 F. App'x 20, 24 (2d Cir. 2018) (the Court must impose the "least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community").

      Mr. Ortiz-Molina has a close relationship with his son and the government's allegations in no way suggest that mere contact between the two poses a risk to Mr. Ortiz-Molina, his son, or any other member of the community. Criminal cases often require months if not years to resolve, and this condition thus could impose an extended period of forced estrangement between father and son.

      Mr. Ortiz-Molina also needs his son's assistance in continuing to run the small business that Mr. Ortiz-Molina owns, which rents and delivers bouncy houses and other party equipment. Mr. Ortiz Socias assists his father in transporting this heavy equipment—Mr. Ortiz-Molina cannot lift much of the equipment alone and his other family members are not physically capable of helping him with this task. We understand that hiring outside help would place a significant financial burden on Mr. Ortiz-Molina's small business: Mr. Ortiz-Molina pays his son substantially less than the amount he expects he would be required to pay a non-family member employee. Mr. Ortiz Socias is familiar with the business's inventory and Mr. Ortiz-Molina trusts him to handle it; Mr. Ortiz-Molina would prefer to work with his son for this reason as well.

---

[1] At the March 1 bail hearing, the Court asked whether there were "any reasons why that would be too strict to impose," referring to the condition that Mr. Ortiz-Molina refrain from contact with his son, and noted that "if for some reason . . . there is a problem, an application can always be made for limited purposes." March 1, 2021 Transcript at 28:5-6 and 9-11, Dkt. No. 15.

The Honorable Judge Lehrburger
March 30, 2021
Page 3

        Accordingly, we respectfully request that this condition of Mr. Ortiz-Molina's release be lifted, and that he be permitted to be in contact with his son, Derek Ortiz Socias.

        Sincerely,

        */s/ Jocelyn E. Strauber*

        Jocelyn E. Strauber

cc:    AUSA Jun Xiang (via ECF)