UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>            v.<br><br>Jeremy Ortiz-Molina,<br>Derek Ortiz Socias, and<br>Pedro Rosario Carrasquillo,<br><br>            *Defendants.* | **Protective Order**<br><br>**21 Cr. 173 (LJL)** |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery pursuant to Fed. R. Crim. P. 16(a)(1), the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "sensitive disclosure material," contains information that identifies, or could lead to the identification of, witnesses or law enforcement agents acting in an undercover capacity

who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, may be subject to risk of harm absent the protective considerations set forth herein. The Government's designation of material as sensitive disclosure material will be controlling absent contrary order of the Court.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

1. Disclosure material shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

2. Disclosure material that is not sensitive disclosure material may be disclosed by counsel to:

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

(b) Prospective witnesses for purposes of defending this action; and

(c) The defendant whom counsel represents, for purposes of defending this action.

3. Sensitive disclosure material so designated by the Government, including any copies thereof or excerpts therefrom, may be disclosed by defense counsel to the defendants for review only in the presence of defense counsel (or paralegals or staff working at the direction of defense counsel), for purposes related to this case. Notwithstanding the foregoing, the defendants shall not

maintain, retain, or keep copies or notes of sensitive disclosure material outside of the presence of defense counsel. All sensitive disclosure material possessed by defense counsel shall be maintained in a safe and secure manner.

4. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

5. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, sensitive disclosure material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

### Disclosure and Protection of Seized ESI

6. The Government has advised the defense that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to warrants issued during the course of the investigation, from various cell phones belonging to, among others, the defendants.

7. Upon consent of all counsel, the Government is authorized to disclose to counsel for the defendants, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain disclosure material ("the seized ESI disclosure material"). The defendants, defense counsel, and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, may review the seized ESI disclosure material to identify items pertinent

to the defense. They shall not further disseminate or disclose any portion of the seized ESI disclosure material except as otherwise set forth under this Order.

8. This Order places no restriction on a defendant's use or disclosure, or the use or disclosure by that defendant's counsel, of ESI that originally belonged to the defendant.

9. Nothing in this Order prevents defense counsel from distributing any of the protected materials in this Order, including ESI disclosure material, to or with a co-defendant's counsel pursuant to a joint defense agreement, if the co-defendant's counsel has signed this Order.

### Return or Destruction of Material

10. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. If disclosure material is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials.

11. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed disclosure material or the Government's ESI production. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

**Retention of Jurisdiction**

12. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: _____     Date:  _____4/2/2021_____
    Jun Xiang
    Assistant United States Attorney


_____     Date:  _____
Jocelyn Strauber, Esq.
Counsel for Jeremy Ortiz-Molina


_____     Date:  _____
Clay Kaminsky, Esq.
Counsel for Derek Ortiz Socias


_____     Date:  _____
Jacqueline Cistaro, Esq.
Counsel for Pedro Rosario Carrasquillo

SO ORDERED:

Dated: New York, New York
       April _8_, 2021

_____
THE HON. LEWIS J. LIMAN
UNITED STATES DISTRICT JUDGE

5

## Retention of Jurisdiction

12. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: _[signature]_      Date: 4/2/2021
Jun Xiang
Assistant United States Attorney

_[signature]_      Date: 4/6/2021
Jocelyn Strauber, Esq.
Counsel for Jeremy Ortiz-Molina

_____      Date: _____
Clay Kaminsky, Esq.
Counsel for Derek Ortiz Socias

_____      Date: _____
Jacqueline Cistaro, Esq.
Counsel for Pedro Rosario Carrasquillo

SO ORDERED:

Dated: New York, New York
      April 8, 2021

_[signature]_
THE HON. LEWIS J. LIMAN
UNITED STATES DISTRICT JUDGE

5

## Retention of Jurisdiction

12. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: _____ Date: ____4/2/2021____
Jun Xiang
Assistant United States Attorney


_____ Date: _____
Jocelyn Strauber, Esq.
Counsel for Jeremy Ortiz-Molina

_____ Date: __4/6/2021__
Clay Kaminsky, Esq.
Counsel for Derek Ortiz Sodias

_____ Date: _____
Jacqueline Cistaro, Esq.
Counsel for Pedro Rosario Carrasquillo

SO ORDERED:

Dated: New York, New York
       April 8, 2021

_____
THE HON. LEWIS J. LIMAN
UNITED STATES DISTRICT JUDGE

5

## Retention of Jurisdiction

12. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: *[signature]*　　　　　　　　　　　　　Date:　4/2/2021
Jun Xiang
Assistant United States Attorney


_____　　　　　Date: _____
Jocelyn Strauber, Esq.
Counsel for Jeremy Ortiz-Molina


_____　　　　　Date: _____
Clay Kaminsky, Esq.
Counsel for Derek Ortiz Socias


*[signature]*　　　　　　　　　　　　　　　Date: April 8, 2021
Jacqueline Cistaro, Esq.
Counsel for Pedro Rosario Carrasquillo


SO ORDERED:

Dated: New York, New York
　　　　April 8, 2021

　　　　　　　　　　　　　　　　　　　　*[signature]*
　　　　　　　　　　　　　　　　　　　　THE HON. LEWIS J. LIMAN
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

5